Willoughby v. Hurley.

# FREDERICK A. WILLOUGHBY
## v.
# JOHN HURLEY.

*Attorney and Client—Action for Fees—Evidence.*

In an action for attorneys' fees, this court declines to interfere with the verdict for defendant.

[Opinion filed December 16, 1889.]

APPEAL from the Circuit Court of Knox County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. FREDERICK A. WILLOUGHBY, *pro se.*

Mr. GEORGE A. LAWRENCE, for appellee.

C. B. SMITH, J.   This is a suit originally brought by appellant against appellee before a justice of the peace, to recover for attorneys' fees claimed by appellant.   The plaintiff was defeated before the justice, and then appealed to the Circuit Court, and upon a trial there before a jury and the court, was again defeated, and he appealed to this court and asks for a reversal of the judgment on the sole ground that the evidence did not support the verdict of the jury.   The controversies originated in a controversy between two rival factions or parties in a school district, resulting in two suits being begun against John Hurley by one McTeirney.   These two men were both claiming to have been lawfully elected school director and were both acting in that capacity.   They each had an adherent acting with him, in one of the remaining directors.   Each of the two sets of directors had employed a teacher, and the two teachers were both attempting to teach the same school. At this stage of the proceedings, McTeirney and his associate director filed a bill and attempted to procure an injunction against Hurley and his teacher, preventing them from intermeddling with the school, but that injunction was refused, and on a cross-bill being filed, an injunction was allowed against McTeirney and his teacher, preventing them from interfering with the school.

About this time proceedings in *quo warranto* were begun against Hurley upon the information and complaint of McTeirney, to oust Hurley of his office.   These two suits, while different in form, both involved the same questions substantially, and neither of them required, in their management, any very great degree of skill; yet five attorneys appeared for Hurley, namely, Messrs. Williams, Lawrence & Bancroft, Mr. W. A. Ryan, and Mr. F. A. Willoughby, the appellant.

As might very properly and reasonably be expected with that number of lawyers employed, Mr. Hurley was defeated in both cases.

Upon a consultation with his attorneys it was first supposed Hurley might pay his attorneys' fees and costs in the chancery suit out of the school funds, and orders to that effect were drawn to all the attorneys; but Mr. Hurley afterward became

satisfied he had no right to do that, and so all these orders were taken up, and Mr. Hurley paid the amounts represented by each of them out of his own pocket. He paid Williams, Lawrence & Bancroft $50, Mr. W. A. Ryan $50, and appellant $40. Appellee now contends that at the time those amounts were paid these attorneys, it was agreed and understood all around that inasmuch as the litigation had been disastrous to Mr. Hurley and that all costs and expenses must be met by him, these sums so paid each of them should be in full of their services in both cases.

Appellant, on the contrary, insists that the $40 paid him was only for the fees in the chancery case and that his charges in the *quo warranto* case have not been paid. The question is purely one of fact and the evidence was conflicting and we are not able to say the jury was not justified in its finding. We are not authorized to set aside verdicts unless we can clearly see that the verdict is not supported by the evidence. We think the verdict was right and supported by the evidence.

*Judgment affirmed.*